UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| RIKKI L. DUNCAN, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 2:19-CV-37-NCC |
| ANGELA MESMER, | ) ) ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that her arguments are without merit, and that the instant action is time-barred under 28 U.S.C. § 2244.

### Background

On February 17, 2015, petitioner pled guilty to one count of assault in the first degree. The Circuit Court for St. Francois County sentenced petitioner to fifteen years' imprisonment. *See State v. Duncan*, No. 12SF-CR01857-02 (24th Jud. Cir., St. Francois Cty.). Petitioner did not appeal her conviction or sentence. Nor did she file any motions for post-conviction relief.

Petitioner filed this federal writ of habeas corpus, pursuant to 28 U.S.C. § 2254 by placing the current application in the mail on May 3, 2019.

### Discussion

Pursuant to 28 U.S.C. § 2244(d), a petitioner has one year from the date her judgment of conviction becomes final within which to file a petition for writ of habeas corpus. Where, as

---

[1] On June 7, 2019, the Court ordered petitioner to show cause as to why the Court should not dismiss the instant application for writ of habeas corpus as time-barred.

here, a Missouri petitioner does not appeal her judgment of conviction, her judgment becomes final ten days after it is entered. *See* Mo. S. Ct. R. 81.04. Accordingly, petitioner's judgment of conviction became final on February 27, 2015.

In her response to the Order to Show Cause, petitioner asserts that she should be excused from the one-year statute of limitations because she did not begin researching her case, specifically how her mental diagnoses might have lessened her culpability for her criminal offense, until September 1, 2018. Her research into her conviction began more than three years after her criminal conviction became final.

Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that she has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in her way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is an exceedingly narrow window of relief. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (holding that even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted).

Petitioner's assertion that she did not begin researching her conviction until after the statute of limitations had run is insufficient to allow equitable tolling. Based on her representations, petitioner did not pursue her rights for more than three years, and she does not allege any extraordinary circumstance stood in her way. *See Holland v. Florida*, 560 U.S. 631,

649 (2010). As petitioner has failed to give an equitable reason why her untimeliness should be excused, the Court must dismiss the petition under 28 U.S.C. § 2244.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 is **DENIED** and this action is **DISMISSED** as time-barred. Rule 4 of the Rules Governing Habeas Corpus Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

A separate order of dismissal will accompany this memorandum and order.

Dated this 30th day of July, 2019.

      /s/ Noelle C. Collins
NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE